IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SMERLING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-736-MJR |
| | ) |
| **GLENN HOWARD,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate formerly confined at the Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time Plaintiff submitted this complaint, he was still confined at Dixon Correctional Center and, therefore, the provisions of 28 U.S.C. § 1915A apply to his complaint. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that in September 2008, while confined at the Vienna Correctional Center, he informed Defendants Howard and Reid that another inmate, Kevin Miller, had made threats against him. On September 22, 2008, Plaintiff's fears became a reality when, it is alleged, that inmate Miller attacked Plaintiff with his fist and a pencil. Plaintiff states that as a result of this attack, he suffered (and continues to suffer) from "a sinus fracture, decreased vision in [his] left eye, frequent head and eye socket pain, multiple orbital fractures and increased psychological sufferings." Plaintiff claims that Defendants Howard and Reid "failed to take reasonable measures to protect him prior to the assault after being fully informed by the Plaintiff" of the risk of attack.

Plaintiff further alleges that he was issued a disciplinary report in connection with this attack for fighting. Plaintiff protests that he is innocent of the fighting and that he never "engaged" with

inmate Miller. Nevertheless Plaintiff was initially found guilty of fighting after a disciplinary hearing was conducted by Defendants Rockwell and Russell. This disciplinary finding, however, was overturned on appeal and the disciplinary charge was re-heard by Defendants Howard and Roundtree. On rehearing, Plaintiff was again found guilty of fighting and received the following disciplinary sanctions: 31 days on segregation; 2 months loss of commissary privileges; 2 months loss of phone privileges; and transfer to a more secure facility. As a result, Plaintiff was transferred to Shawnee Correctional Center. These sanctions were upheld by Defendant Johnson. Plaintiff filed grievances with Defendants Hathaway and Randle concerning the disciplinary action, but they did not intervene or change the result. Plaintiff contends that he was denied procedural due process in connection with the two disciplinary actions.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Howard and Reid for failing to adequately protect him from a serious risk of attack by another inmate in violation of Plaintiff's Eighth Amendment rights; and
>
> **COUNT 2:** Against Defendants Howard, Roundtree, Johnson, Rockwell, Russell, Hathaway, and Randle for denying Plaintiff of Due Process of law in connection with the disciplinary actions.

**DISCUSSION**

    **A. Failure to protect.**

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Birdo would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989). Based on Plaintiff's allegations, the Court finds that Count 1 survives threshold review under 28 U.S.C. § 1915A and should not be dismissed at this time.

**B. Due Process claim.**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S.

4

472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a protected liberty interest only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for 31 days, he had his commissary privileges suspended for 2 months, he had his telephone privileges revoked for two months, and he was transferred to Shawnee Correctional Center. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit and must be dismissed.

### C. Claims against Defendant Woolridge.

In the caption of his complaint, Plaintiff names Damon Woolridge as a defendant in this

action. However, the complaint fails to make any assertions about or concerning Woolridge. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Because the complaint wholly fails to indicate that Defendant Woolridge was directly and personally involved in any alleged violation of Plaintiff's constitutional rights, Plaintiff's claims against this Defendant must be dismissed pursuant to 28 U.S.C. § 1915A.

## DISPOSITION

Count 2 of the complaint does not survive review under § 1915A. Plaintiff's claim against Defendant Woolridge also does not survive review under § 1915A. Accordingly, Count 2 and the claims against Woolridge are **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Because there is no other claims pending against them, Defendants Roundtree, Woolridge, Johnson, Rockwell, Russell, Hathaway, and Randle are **DISMISSED** as defendants in this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Howard and Reid**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on Defendants **Howard and Reid** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional

copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 24th day of March, 2010.**

                                           **s/ Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**